UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KIPPES,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOES 1-25,<br><br>        Defendant. | Case No. 25-cv-03616-SVK<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO RULE 26(F) CONFERENCE**<br><br>Re: Dkt. No. 5 |

## I. BACKGROUND

Plaintiff's complaint in this case alleges that he is the victim of a cryptocurrency scam. *See generally* Dkt. 1. Plaintiff has consented to the jurisdiction of a magistrate judge (Dkt. 9), but the Defendants have not yet appeared or consented.

The Defendants are all sued as "John Does" because Plaintiff alleges he does not know their identities. Dkt. 1 ¶ 5. Before the Court is Plaintiff's *ex parte* application for leave to serve third-party subpoenas on various entities prior to the Rule 26(f) conference in an effort to learn the identities of the Doe Defendants. Dkt. 5 (the "Application").

The Court's review of the Application raises a question of whether the Court has subject matter jurisdiction in this case. For the reasons that follow, Court concludes that the complaint fails to establish that the Court has subject matter jurisdiction. Accordingly, the Court **ORDERS** that by **June 11, 2025**, Plaintiff must file either a response to this order or an amended complaint that demonstrates that the Court has subject matter jurisdiction. If Plaintiff fails to file one of the required documents by the deadline or fails in the responsive document or amended complaint to properly establish subject matter jurisdiction, the Court will order this case reassigned to a District Judge with a recommendation that it be dismissed for lack of subject matter jurisdiction. The

pending Application for leave to serve third-party subpoenas is **DENIED WITHOUT PREJUDICE** to Plaintiff re-filing the motion once subject matter jurisdiction is established.

## II.    SUBJECT MATTER JURISDICTION

Before considering the substance of Plaintiff's Application, the Court must "satisfy itself of its jurisdiction over the subject matter" of this lawsuit. *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also Clayton v. Does*, No. C24-0182JLR, 2024 WL 2868562, at *1 (W.D. Wash. May 21, 2024). The complaint in this case expressly bases subject matter jurisdiction solely on diversity jurisdiction under 28 U.S.C. § 1332(a). That section provides, in relevant part, that district courts have diversity jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest in costs, and is between citizens of a State and citizens or subjects of a foreign state, unless those foreign citizens/subjects are lawfully admitted for permanent residence in the United States and are domiciled in the same State as Plaintiff. 28 U.S.C. § 1332(a)(2). The complaint in this case asserts that this Court has subject matter jurisdiction under section 1332(a) because "Plaintiff is a resident of Palo Alto, California, and the unknown Defendants are believed to be located in the Peoples Republic of China" and "[t]he case involves more than $75,000." Dkt. 1 ¶ 6. For the following reasons, the Court cannot conclude from the complaint as currently drafted that it has subject matter jurisdiction over this case.

### A.    Inadequate allegations of Plaintiff's citizenship

Plaintiff has failed to adequately allege his own citizenship. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* at 750. Therefore, Plaintiff's allegation that he is a "resident" of California (Dkt. 1 ¶ 6) is not sufficient to plead that Plaintiff is a "citizen" of California for purposes of diversity jurisdiction.

### B.     Inadequate allegations of Doe Defendants' citizenship

All of the Defendants in this case are sued as Doe Defendants, and the Complaint alleges only the Doe Defendants are "believed to be located in" China. Dkt. 1 ¶ 6. For this Court to have diversity jurisdiction under section 1332(a), the Doe Defendants would need to be citizens or subjects of a foreign state who are not lawfully admitted for permanent residence in the United States and domiciled in the same State as Plaintiff, i.e., California. 28 U.S.C. § 1332(a)(2). The allegations in the Complaint that Doe Defendants are "believed to be located in" China is insufficient to establish the citizenship of the Doe Defendants for purposes of diversity jurisdiction.

Another court in this District recently analyzed Ninth Circuit jurisprudence on the effect of including Doe Defendants on a court's diversity jurisdiction. *See 21st Century Brands Ltd. v. RTW Retailwinds Acquisition LLC,* No. 22-cv-07539-SK, 2023 WL 12062934 (N.D. Cal. Dec. 21, 2023). As explained in *21st Century Brands*, "[i]n *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir. 1980), the Ninth Circuit held that including Doe defendants destroyed diversity jurisdiction." *21st Century Brands*, 2023 WL 12062934, at *5; *see also id.* (discussing *Molnar v. National Broadcasting Co.*, 231 F.2d 684, 686-87 (9th Cir. 1956), in which "the Ninth Circuit stated that where the citizenship of the Doe defendants was unfounded guesswork on the face of the complaint, diversity jurisdiction was not established."). However, subsequent Ninth Circuit decisions and a statutory change to 28 U.S.C. § 1441 (regarding removal jurisdiction) that have allowed Doe defendants in the context of actions removed to federal court based on diversity jurisdiction have introduced "complicating factors to determining which Ninth Circuit case to follow for cases filed in federal court, as opposed to those removed from state court." *21st Century Brands*, 2023 WL 12062934, at *5-6 (citing cases) After a careful review and analysis of the relevant case law, the court in *21st Century Brands* concluded that "[i]n light of the fact that Congress did not amend Section 1332 and that Plaintiff bears the burden of alleging sufficient facts to establish diversity jurisdiction as the party invoking federal jurisdiction, the Court finds that Plaintiff's inclusion of Doe Defendants without alleging any facts regarding who the Doe Defendants may be or where they may be citizens destroys Plaintiff's ability to demonstrate the existence of complete diversity." *Id.* at *7.

3

This Court finds the analysis of this issue in *21st Century Brands* to be persuasive and concludes that Plaintiff has failed to adequately allege the citizenship of the Doe Defendants for diversity purposes. Plaintiff alleges that the Doe Defendants are "believed to be located in" China (Dkt. 1 ¶ 6), but the complaint does not set forth the factual basis for that belief. Indeed, this is the only mention of China in the complaint, and this allegation is contradicted by Plaintiff's statement elsewhere in the complaint that "[t]he location of the John Doe Defendants is unknown." *Id.* ¶ 5.

In reaching the conclusion that the allegations regarding the Defendants' citizenship are inadequate, the Court acknowledges that Plaintiff has sought permission from the Court to conduct discovery to learn the Defendants' identities. *See* Dkt. 5. The Ninth Circuit has held that "when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendant." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014). However, here Plaintiff has failed to sufficiently plead <u>any</u> facts upon which he bases his stated "belief" that the Doe Defendants are citizens of China for diversity purposes.

### C. Inadequate allegations of amount in controversy

The complaint alleges that the amount in controversy is "more than $75,000." Dkt. 1 ¶ 6. However, under section 1332(a) AIC must exceed $75,000 "exclusive of interest and costs." Because the complaint seeks interest and costs (*see* Dkt. 1 at Prayer for Relief), Plaintiff should clarify that the amount in controversy meets the jurisdictional requirement.

## III. CONCLUSION

"The party asserting diversity jurisdiction bears the burden of proof." *Int'l Venture Assocs. v. Hawayek*, No. C 13-01254 RS, 2013 WL 2646188, at *2 (N.D. Cal. June 12, 2013) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). For the reasons discussed above, the allegations in the present complaint are insufficient to carry Plaintiff's burden of demonstrating that the Court has diversity jurisdiction in this case. Accordingly, the Court **ORDERS** that by **June 11, 2025**, Plaintiff must file either a response to this order or an amended complaint that demonstrates that the Court has subject matter jurisdiction. If Plaintiff fails to file

one of the required documents by the deadline or fails in the responsive document or amended complaint to properly establish subject matter jurisdiction, the Court will order this case reassigned to a District Judge with a recommendation that it be dismissed for lack of subject matter jurisdiction.

The pending Application for leave to serve third-party subpoenas is **DENIED WITHOUT PREJUDICE** to Plaintiff re-filing the motion once subject matter jurisdiction is established.

**SO ORDERED.**

Dated: May 28, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

5